# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**NOUFAYDAH ZABIN, ET AL.**                                  **CIVIL ACTION NO.**

**VERSUS**                                                   **18-490-SDD-EWD**

**BURLINGTON STORES INC., ET AL.**

## RULING ON MOTION FOR PROTECTIVE ORDER

Before the Court is the Motion for Protective Order (the "Motion")[1] filed by Defendants Burlington Coat Factory Warehouse Corporation, G&I VIII Hammond LLC, and Safety National Casualty Corporation (collectively, "Defendants"), which is opposed by Plaintiffs Nufaydah Zabin ("Zabin") and Muhareb Ghazleh (collectively, "Plaintiffs").[2] For the reasons set forth below, the Motion is **DENIED.**

## I. Background

In her Amended Complaint, Zabin alleges that she suffered injuries when she "violently collided with any unmarked and/or defective sliding glass door/window" at the Burlington store owned/operated by Defendants (the "Accident").[3] Plaintiffs propounded discovery seeking production of, *inter alia*, witness statements and investigative reports of the Accident and of an allegedly similar incident involving another customer, Irving Hartwell, that occurred on the same day before Zabin's Accident.[4]

---

[1] R. Doc. 35.
[2] *See* R. Doc. 39. As the telephone conference was conducted in this case the day after the Motion for Protective Order was filed, Plaintiffs' counsel expressed the opposition orally during the telephone conference.
[3] R. Doc. 8, ¶ 4.
[4] R. Doc. 35-1, pp. 1-2; R. Doc. 36-2, pp. 1-2. Defendants' objection to production of the Incident Reports (among other objections) prompted Plaintiffs' Motion to Compel Discovery Responses (the "Motion to Compel") and was also Plaintiffs' grounds for rescheduling the September 11, 2019 deposition of Zabin (among other grounds). R. Doc. 30, pp. 4, 6-7; R. Doc. 34-1, p. 1. In Plaintiffs' Motion to Compel, Plaintiffs argued that both Incident Reports were prepared in the ordinary course of Defendants' business. Plaintiffs sought to compel production of both Incident Reports and/or at least Plaintiff Zabin's Incident Report before her re-scheduled September 18, 2019 deposition.

Defendants filed the instant Motion, seeking a protective order from the Court, shielding Defendants from either having to produce Hartwell's[5] or Zabin's Incident Reports at all, or alternatively, from producing either incident report before Zabin's deposition on the basis that the reports are work product.[6] At a telephone conference on September 13, 2019, the Court advised Defendants' counsel that he had not provided any case law to support his claim that the Court should exercise its discretion to require the incident reports be produced after Zabin's deposition, nor had the company policies regarding accidents been provided for the Court to determine whether incident reports are prepared in the ordinary course of business or whether these reports were prepared in anticipation of litigation. Defendants were given until 3:00 p.m. on September 16, 2019 to file this supplemental information.[7]

On September 16, 2019, Defendants timely filed their Motion for Leave to File Second Supplemental Memorandum in Support of Motion for Protective Order[8] (the "Second Supplemental Memorandum") and Exhibits Under Seal. The Court will grant the Motion for Leave to File Second Supplemental Memorandum and attached exhibits under seal. In the Second Supplemental Memorandum, Defendants argue that there are actually two different reports that can be generated after an accident: 1) a report that is prepared by the store manager inputting information about the accident into reporting software; and 2) one that is generated for purposes of transmitting a potential claim to a third-party administrator. The incident report related to the Accident that was attached to Defendants' first Supplemental Memorandum is the latter.[9]

---

[5] R. Doc. 35-1. Defendants initially contended that they were not in possession of Hartwell's Incident Report but have since filed it in the record under seal. R. Doc. 38-5.
[6] R. Doc. 35.
[7] R. Doc. 39.
[8] R. Doc. 38.
[9] R. Doc. 36-4.

Defendants have attached the incident reports for the Zabin Accident and for Hartwell that were prepared by the store manager as exhibits to their Second Supplemental Memorandum.[10]

It appears that Defendants have abandoned their argument that either incident report is precluded from disclosure based on work product privilege.[11] Instead Defendants contend only that they should not be required to produce Zabin's Incident Report until after her deposition.[12] In support of the request for an order pursuant Fed. R. Civ. P. 26(c)(1)(B), delaying the production of Zabin's Incident Report, Defendants argue that Zabin's version of the events in her discovery responses is contradictory to the events stated in her pleadings and those in the Incident Report. Defendants also express concern that Zabin's deposition testimony will be influenced if she is permitted to refresh herself with the statements made in the Incident Report.[13]

## II. Law and Analysis

### A. Fed. R. Civ. P. 26(c)

Rule 26(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending….The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute

---

[10] R. Docs. 38-6 and 38-5, respectively.
[11] Plaintiffs agreed during the September 13th telephone conference that Defendants could withhold production of the Hartwell Incident Report until after Zabin's deposition. According to page 15 of Defendants' Injury & Illness Prevention Program manual, which Defendants will also produce to Plaintiffs after Zabin's deposition, accident reports "on every injury or illness are to be reported" on Defendants' system. R. Doc. 38-3, p. 17. Therefore, both the incident reports prepared by the store manager at R. Docs. 38-5 and 38-6 were prepared in the ordinary course of business and are not shielded from production as work product. *See Dufrene v. Am. Tugs, Inc.*, No. 18-554, 2018 WL 6448838, at *6 (E.D. La. Dec. 10, 2018) (other citations omitted) (The work-product doctrine does not protect materials assembled in the ordinary course of business, pursuant to regulatory requirements, or for other non-litigation purposes). Although it is not clear whether the report from the Zabin Accident that was transmitted to a third-party administrator (R. Doc. 36-4) should be shielded from production as work product, the Court need not reach this issue because a review by the Court establishes that the documents contain substantially similar substantive information and because the Zabin Incident Report prepared by the store manager (R. Doc. 38-6) will be produced.
[12] R. Doc. 38-2, p. 2.
[13] R. Doc. 38-2.

without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…: (b) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery….." A party seeking a Rule 26(c) protective order modifying the timing of document production must establish good cause and a specific need for protection.[14] The burden is upon the movant to prove the necessity of a protective order, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[15] If these requirements are proven, the court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense."[16] If a district court denies a motion for a protective order in whole or in part, the court may, "on such terms and conditions as are just, order that any party or other person provide or permit discovery."[17] In deciding whether to grant a motion for a protective order, the court has significant discretion.[18]

### B. The Motion Fails to Comply with Fed. R. Civ. P. 26(c)(1)

As an initial matter, the Motion fails to explicitly include the certificate of good faith conference required by Fed. R. Civ. P. 26(c)(1).[19] The Motion does not indicate any efforts by

---

[14] *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* No. 02-50, 218 F.R.D. 125, 133 (E.D. Tex. Oct. 17, 2003) *citing Landry v. Air Line Pilots Ass'n Intern. AFL-CIO,* 901 F.2d 404, 435 (5th Cir. 1990).
[15] *Ryder v. Union Pacific Railroad Company,* No. 15-431, 315 F.R.D. 186, 188 (M.D. La. May 2, 2016), *citing In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir.1998). *See also Ferko,* 218 F.R.D. at 133, *citing U.S. v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978) (citations omitted).
[16] Fed R. Civ. P. 26(c).
[17] *Ferko*, 218 F.R.D. at 133, *citing* Fed R. Civ. P. 26(c).
[18] *Ferko*, 218 F.R.D. at 133, *citing Harris v. Amoco Production Co.,* 768 F.2d 669, 684 (5th Cir. 1985).
[19] Pursuant to Local Rule 26(d)(1), the Motion is also untimely. Although Local Rule 26(d)(1) permits unopposed discovery to continue past the discovery deadline in the scheduling order, that Rule prohibits the filing of a discovery motion under Fed. R. Civ P. 26(c) outside of the discovery deadline, unless the motion is filed within seven days of the close of discovery regarding conduct that occurred during the last seven days of the discovery period, or unless exceptional circumstances exist. The fact discovery deadline in this case expired on September 2, 2019. R. Doc. 26. The instant Motion was not filed until September 12, 2019. R. Doc. 35. However, because Plaintiffs' filed a Motion to Compel which raises the issue of the production of the incident reports prior to the discovery deadline, the Court will substantively address the production of the incident reports in the context of this Motion.

Defendants to confer or attempt to confer with Plaintiffs to resolve the production issues prior to the filing of the Motion.[20] Defendants' failure to provide the required certificate of good faith is grounds for denial of the Motion;[21] nevertheless, the merits are fully briefed, and will be considered, below.

### C. Defendants Have Not Shown Good Cause For a Fed. R. Civ. P. 26(c)(1)(B) Protective Order

After reviewing the briefs, the oral arguments presented during the telephone conference and supplemental information filed by Defendants, Defendants have not shown good cause for an order delaying production of the Zabin Incident Report until after Zabin's deposition. Contrary to Defendants' assertions, there is no apparent conflict in the Incident Report description, Zabin's pleading allegations, and Zabin's discovery responses[22] regarding the Accident. Even if the information did conflict, Defendants have not adequately explained how they are prejudiced by Zabin receiving a copy of the Incident Report before her deposition. If the information so clearly conflicts, as Defendants suggest, Zabin will have to explain the discrepancies at the deposition.[23] Further, the cases upon which Defendants rely are distinguishable, as both dealt with a party's receipt of his or her own prior recorded statements.[24] Defendants recognize that the description of the Accident in the Incident Report was likely not provided by Zabin. The report is not signed by

---

[20] *See* R. Doc. 35.
[21] *See Costly v. Nissan Motor Company, Ltd,* No. 14-00244-SDD-EWD, 2016 WL 3460401, at *7 (M.D. La. June 21, 2016) (holding that the moving party's filing of a good faith certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion for protective order), *citing Williams v. Weems Community Mental Health Center,* No. 04-179, 2006 WL 905955, at *1 (S.D. Miss. Apr. 7, 2006).
[22] R. Doc. 8, ¶¶ 4-5 and R. Doc. 36-5, pp. 3, 31 (Plaintiff's May 10, 2019 Response to Interrogatory No. 2).
[23] Zabin's interrogatory responses are required to be answered under oath by the party pursuant to Fed. R. Civ. P. 33(b)(3) and (5). Pursuant to Fed. R. Civ. P. 11, a signed pleading establishes that there is evidentiary support for the factual contentions in the pleading. Thus, the Federal Rules already provide protection against parties making intentional misstatements in pleadings or discovery responses.
[24] R. Doc. 38-2, p. 3, *citing Atlantic Sounding Co. Inc. v. Sullivan*, No. 04-0508, 2004 WL 1737933 (E.D. La. July 29, 2004) (denying production of party's/deponent's own statement to party prior to the start of his deposition) at R. Doc. 38-7 and *Reels v. Omega Protein, Inc.*, No. 11-2593 (E.D. La. April 17, 2012) (same) at R. Doc. 38-8.

Zabin, and indeed, it says that it was "completed by" someone else.[25] Thus, it does not fall within the provisions of Fed. R. Civ. P. 26(a)(3).

Plaintiffs propounded discovery requests to Defendants on March 21, 2019,[26] to which the Zabin Incident Report is clearly responsive and relevant. Defendants' responses were due within thirty days after service.[27] Defendants have not provided a sufficient justification to deviate from the normal course of discovery in this case. Although Defendants also questioned the timing of Zabin failing to appear for her September 11, 2019 deposition as a delay tactic to receive a copy of the Incident Report before the deposition, in reality, Defendants' discovery responses were due in April – long before Zabin's deposition was to be conducted.

Defendants will be ordered to produce Zabin's Incident Report[28] to Plaintiffs prior to Zabin's September 18, 2019 deposition. Defendants are further ordered to produce the Hartwell Incident Report[29] and the Injury & Illness Prevention Program manual[30] by no later than September 27, 2019.

Accordingly,

**IT IS ORDERED** that the Motion for Leave to File Second Supplemental Memorandum in Support of Motion for Protective Order[31] and Exhibits Under Seal filed by all Defendants is **GRANTED**. The Clerk of Court is directed to docket the Second Supplemental Memorandum and attached exhibits at R. Doc. 38-2 through R. Doc. 38-8 **UNDER SEAL.**

---

[25] R. Doc. 36-2, p. 2 and R. Doc. 38-6.
[26] R. Doc. 30-4, p. 17.
[27] Fed. R. Civ. P. 34.
[28] R. Doc. 38-6.
[29] R. Doc. 38-5.
[30] R. Doc. 38-3.
[31] R. Doc. 38.

**IT IS FURTHER ORDERED** that the Motion for Protective Order[32] filed by Defendants is **DENIED.** Defendants shall produce Zabin's Incident Report[33] to Plaintiffs prior to Zabin's September 18, 2019 deposition.

**IT IS FURTHER ORDERED** that Defendants shall produce the Hartwell Incident Report[34] and the Injury & Illness Prevention Program manual[35] to Plaintiffs by no later than September 27, 2019.

Signed in Baton Rouge, Louisiana, on September 17, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[32] R. Doc. 35.
[33] R. Doc. 38-6.
[34] R. Doc. 38-5.
[35] R. Doc. 38-3.